GERSON v. CITY OF LANSING.

EMINENT DOMAIN—CONSTRUCTION OF BRIDGE—GRADE CROSSING SEPA-
RATION—DAMAGES.

> Where property owners suffered substantial damages because of
> interference with ingress and egress to their property from
> construction of bridge by city under agreement with railroad
> company in such manner as to effectuate grade crossing separa-
> tion, city is liable therefor as against its contention that grade
> of street had never before been formally established, and
> that separation of grades at crossing of street and railroad
> tracks was mere incident to constructing bridge and establish-
> ing grade of street.

Error to Ingham; Collingwood (Charles B.), J.
Submitted April 17, 1930. (Docket No. 34, Calendar
No. 34,632.) Decided June 2, 1930.

Case by Joseph Gerson and James J. Carey, doing
business as Gerson & Carey, against the City of
Lansing and another for damages sustained in
change of street grade. From a judgment *non ob-
stante veredicto* for defendant municipality, plain-
tiff brings error. Reversed.

*Shields, Silsbee, Ballard & Jennings* (*Harris E.
Thomas,* of counsel), for plaintiff.

*J. E. Converse,* for defendants.

NORTH, J. The plaintiffs since 1914 have been the
owners of a valuable piece of property having a
frontage of 66 feet on the north side of Kalamazoo
street and located next easterly of the right of way
of the New York Central Railroad Company in the

city of Lansing. On this property they operate a brass foundry and maintain their offices in connection with the business. For many years the New York Central Railroad tracks and Kalamazoo street have been at the same grade; and from a point just west of the railroad right of way the city has maintained a bridge over the Grand river. In 1924 the city undertook to replace this bridge with a new structure and with this in mind took up with the railroad company the matter of constructing an arched bridge in such a manner as would result in a separation of the grades at the point where Kalamazoo street intersected the railroad right of way In this connection on October 4, 1924, the railroad company wrote the city:

"If the proposed bridge carrying Kalamazoo street over the river is constructed at an elevation sufficient to eliminate the existing grade crossing of said street and our tracks and so as to provide an overhead clearance over present top of rail of not less than 21 feet 6 inches clear, the railroad will contribute to the city $25,000 toward the cost of the bridge, such payment to constitute the railroad's entire portion of the cost of said improvement."

The above proposition was accepted and the bridge constructed. This separation of the grades at the crossing necessitated the construction of the bridge in front of plaintiffs' property and to a point some distance east thereof. About 14 years before this bridge was built Kalamazoo street was paved; and plaintiffs had ample means of ingress and egress at the street grade as then maintained; but since the construction of the new bridge plaintiffs have been compelled to pass in a southerly direction through under the bridge, turn to the east and proceed one block and there by turning at right angles they can approach Kalamazoo street. The front portion of

plaintiffs' two-story building is occupied by their offices. At the west line of their premises the top of the new bridge is approximately 24 feet above the former street level. This not only interferes with their means of ingress and egress, but it materially obscures the location of plaintiffs' building and interferes with their light and air. Claiming that this bridge has been constructed in violation of their rights and that they have been damaged thereby these plaintiffs instituted suit for damages against both the city of Lansing and the railroad company. At the close of the proofs the circuit judge dismissed the case as to the railroad company, but plaintiffs make no complaint of this ruling. The jury rendered a verdict in favor of the plaintiffs and against the city of Lansing for $11,500. On motion for judgment *non obstante veredicto,* the court set aside this verdict and entered a judgment in favor of the defendant. Plaintiff has assigned this as error.

The city seeks to sustain the ruling of the trial court on the theory that the grade of Kalamazoo street had not been formally established before the construction of this bridge and therefore the city could not be held liable to plaintiffs on the theory of a change in an established street grade. It is further contended by the city that the separation of the grades at the crossing of Kalamazoo street and the New York Central Railroad tracks was a mere incident to constructing the bridge and establishing the present grade of Kalamazoo street at that point; and that therefore plaintiffs cannot recover on the theory that the city neglected to follow the statutory proceeding in separating these grades. 1 Comp. Laws 1915, § 4750 *et seq.*

We think it wholly unnecessary to pass upon the questions raised in this record relative to the right of plaintiffs to recover on the theory of a change of

street grade. Without noting or quoting other portions of the record it is too clear for argument that the city and the railroad company entered into an agreement for a separation of the crossing grades at this point. From competent evidence the jury found that plaintiffs had suffered a substantial damage incident to the construction of this bridge in such a manner as to effectuate the crossing separation. From the record above quoted it conclusively appears that the height of this bridge in this location was determined by the needs of the railroad in separating the crossing grades. We do not agree with the city's counsel that the crossing separation was a mere incident to a street improvement, nor can we agree that a right to recover on the theory of grade separation was not asserted in the circuit court. It is alleged in the declaration, the proof was sufficient, and no reason appears in the record for setting aside the verdict of the jury. We are constrained to hold that the circuit judge was in error in entering judgment *non obstante veredicto.* The cause will be remanded with direction to set aside the judgment entered and to enter one in accordance with the verdict rendered. Costs to the appellants.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.